UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDRAE EVANS,

                                        Plaintiff,                    DECISION AND ORDER

              -v-                                                     09-CV-6028 CJS

MASSMUTUAL FINANCIAL GROUP and
WILLIAM D. COSTELLO,

                                        Defendants.

APPEARANCES

For Plaintiff:              Kiley D. Scott, Esq.
                            Tully Rinckey, PLLC
                            441 New Karner Road
                            Albany, New York 12205

For Defendants:             Paul F. Keneally, Esq.
                            Underberg & Kessler LLP
                            300 Bausch & Lomb Place
                            Rochester, New York 14604

INTRODUCTION

This is an action pursuant to the Uniformed Services Employment and Reemployment

Rights Act ("USERRA"), 38 U.S.C. § 4301-4335. Now before the Court is Defendants' motion

to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("FRCP"). (Docket No. [#5]). For the reasons that follow, the application is denied.

BACKGROUND

Unless otherwise noted, the following facts are taken from Plaintiff's Complaint in

this action. At all relevant times Andrae Evans ("Plaintiff") was a commissioned officer in

the New York Army National Guard. At all relevant times MassMutual Financial Group

("MassMutual") was a corporation with an office in Rochester, New York, and William D. Costello ("Costello") was MassMutual's General Agent in Rochester. In or about October 2003 Plaintiff began working for MassMutual as a career sales agent and manager. According to Plaintiff, in that capacity he was an "employee" of MassMutual, within the meaning of USERRA. In April 2004 Plaintiff was called to active duty for service in Iraq, and he so notified MassMutual. Thereafter, Plaintiff remained on active duty until November 2006. In November 2006, Plaintiff applied for reemployment with MassMutual, but Defendants denied the application. On January 20, 2009, Plaintiff commenced the instant action, claiming that Defendants' refusal to re-hire him violated USERRA.

On April 6, 2009, Defendants filed the subject motion [#5] to dismiss pursuant to FRCP 12(b)(6), claiming that the complaint fails to state a claim under USERRA since, contrary to the allegations in the complaint, Plaintiff was an independent contractor and not an employee. In that regard, Defendants state, and Plaintiff does not dispute, that "[t]he Regulations promulgated under USERRA . . . specifically provide that USERRA does not cover independent contractors." (Defendants' Memo of Law [#5-2] at 4) (citing 20 C.F.R. § 1002.44). Defendants further cite two employment agreements[1] between Plaintiff and Massmutual, which specify that Plaintiff was an "independent contractor." Defendants contend that the Court may consider these agreements on a 12(b)(6) motion, because "they are both referenced by Plaintiff in his Complaint, and are in Plaintiff's possession." (Defendants' Memo of Law [#5-2] at 4).

---

[1]Specifically, the agreements are a Career Contract VII Agreement and an Amendment of the Career Contract Agreement. (Keneally Affidavit [#5-2], Exhibits B and C).

Defendants further state that under the law of New York State, insurance agents are deemed to be independent contractors. *Id*. at 5. Additionally, Defendants indicate that the U.S. Equal Employment Opportunities Commission ("EEOC") has determined, in connection with complaints made against MassMutual under Title VII, that "MassMutual's agents are independent contractors and not employees." *Id*.

In opposition to the motion to dismiss, Plaintiff maintains that the Court is limited to considering the Complaint, which alleges that he was an employee of MassMutual. In that regard, Plaintiff states that "he was an employee *for USERRA purposes* . . . regardless of how Defendants may characterize his status or how the status of MassMutual insurance agents may have been characterized for other legal purposes." (Plaintiff's Memo of Law [#6] at 3) (emphasis in original). On this point, Plaintiff contends that courts must construe USERRA liberally, and that under USERRA and its implementing regulations, and specifically 20 C.F.R. § 1002.44, a court must apply a six-factor "economic reality test" to determine whether a plaintiff is an employee or independent contractor. Plaintiff argues that under such test, he was an employee of MassMutual. In any event, Plaintiff maintains that at this stage of the litigation, "Defendants cannot establish, for purposes of a motion to dismiss, that there is no set of facts that Plaintiff could prove that would entitle him to relief." (Plaintiff's Memo of Law [#6] at 17-18).

In reply, Defendants state that "Plaintiff has failed to establish that he was an employee of MassMutual, a condition precedent to bringing suit under USERRA," and that, "other than merely alleging it in his Complaint, Plaintiff provides no substantive evidence that he was an employee." (Defendants' Reply Memo [#9] at 2). Defendants further

maintain that the Court should apply the so-called "common law control test"[2] in determining whether Plaintiff was an employee or an independent contractor. *Id*.

DISCUSSION

As recently clarified by the U.S. Supreme Court, the standard to be applied to a 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, No. 05-1126, 550 U.S.544, 127 S.Ct. 1955, 1964-65 (May 21, 2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim

---

[2]*See, FedEx Home Delivery V. N.L.R.B.*, 563 F.3d 492, 496, n. 1 (D.C. Cir. 2009) ("The common law factors include, inter alia, "the extent of control which, by the agreement, the master may exercise over the details of the work"; "the kind of occupation"; whether the worker "supplies the instrumentalities, tools, and the place of work"; "the method of payment, whether by the time or by the job"; "the length of time for which the person is employed"; whether "the work is a part of the regular business of the employer"; and the intent of the parties. Restatement (Second) of Agency § 220(2).""), rehearing denied (Sep. 4, 2009), rehearing en banc denied (Sep. 4, 2009).

plausible[,]" as opposed to merely conceivable.), *reversed on other grounds, Ashcroft v. Iqbal*, 129 S.Ct.1937 (2009). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

It is also clear that the Court is limited as to what it can consider in ruling upon a 12(b)(6) motion:

> In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.

> In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion.

*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

Plaintiff brings this action pursuant to USERRA § 4312, which states, in relevant part, that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter." The relevant section of USERRA's regulations, 20 C.F.R. § 1002.44, states in pertinent part:

**Does USERRA cover an independent contractor?**

5

(a) No. USERRA does not provide protections for an independent contractor.

(b) In deciding whether an individual is an independent contractor, the following factors need to be considered:

(1) The extent of the employer's right to control the manner in which the individual's work is to be performed;

(2) The opportunity for profit or loss that depends upon the individual's managerial skill;

(3) Any investment in equipment or materials required for the individual's tasks, or his or her employment of helpers;

(4) Whether the service the individual performs requires a special skill;

(5) The degree of permanence of the individual's working relationship; and,

(6) Whether the service the individual performs is an integral part of the employer's business.

(c) No single one of these factors is controlling, but all are relevant to determining whether an individual is an employee or an independent contractor.

20 C.F.R. § 1002.44.

Here, at the outset, the Court must determine whether it can consider the aforementioned employment agreements in ruling upon Defendants' motion. Defendants maintain that the Court should consider the agreements, because "they are both referenced by Plaintiff in his Complaint, and are in Plaintiff's possession." (Defendants' Memo of Law [#5-2] at 4). The Court disagrees. First, the agreements are not mentioned in the Complaint, either directly or indirectly. Instead, the Complaint merely states that, "[a]ter accepting its offer of employment, plaintiff began working for Defendant MassMutual as a career sales agent and manager in or about October 2003." Moreover, the agreements were not attached to the Complaint. Further, contrary to Defendants'

suggestion, on a 12(b)(6) motion the Court cannot consider documents merely because Plaintiff *possessed* them.  In that regard, the Second Circuit has clarified that the Plaintiff must have *relied* on the document in drafting the complaint: "Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation omitted; emphasis in original).  In this case,  there is no indication that Plaintiff relied on the employment agreements in drafting the Complaint.  Consequently, the Court cannot consider the agreements.[3]

Turning to the Complaint, which the Court is limited to considering, it is clear that Plaintiff meets the low pleading threshold discussed above.  The Complaint alleges that Plaintiff was "employed" by Defendants, that he was called to active duty, that he notified Defendants that he was reporting to active duty, that he was honorably released from such duty after less than five years, that he timely applied for reemployment, and that Defendants denied his request for reemployment.  These allegations state a claim under USERRA § 4312.  Contrary to Defendants' contention in their Reply brief, Plaintiff is not required at the pleading stage to "establish" or "provide substantive evidence" that he was an employee.

---

[3]Even if the Court could consider the agreements, it would still deny the motion to dismiss, since the issue is not how the parties characterized the employment relationship, but rather, is whether Plaintiff qualifies as an employee under USERRA based on the economic realities of the employment arrangement.  On that point, there are issues of fact which cannot be determined from the Complaint or the agreements.

Lastly, Defendants maintain that the Complaint must be dismissed because under New York State law insurance agents are deemed to be independent contractors, and because the EEOC has determined that some of MassMutual agents were not employees for purposes of Title VII. The Court rejects both arguments, since New York State law appears to have no relevance to this case[4], and since Title VII employs a much narrower definition of "employee" than does the Fair Labor Standards Act ("FLSA"), and by extension, USERRA.[5]

CONCLUSION

Defendants' motion [#5] to dismiss the complaint is denied. Defendants are directed to file and serve an answer to the Complaint within ten days of the date of this Decision and Order.

SO ORDERED.

Dated:     October 23, 2009
           Rochester, New York

                              ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge

---

[4]Even if New York State law were relevant, the argument still relies on the employment agreements, which the Court cannot consider.

[5]*See, Frankel v. Bally, Inc.*, 987 F.2d 86, 89 (2d Cir. 1993) ("The FLSA defines the verb 'employ' expansively to mean 'suffer or permit to work. . . . Recognizing the expansive nature of the FLSA's definitional scope and the remedial purpose underlying the legislation, courts construing this statute have adopted the 'economic realities' test, under which individuals are considered employees if as a matter of economic reality they are dependent upon the business to which they render service. . . . However, the ADEA and Title VII do not contain the same expansive definition of the term 'employ' used in the FLSA.") (citations and internal quotation marks omitted); *see also*, H.R. REP. 103-65, at 21 (1993), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2454 ("Section 4303(3) [of USERRA] would define 'employee', in the same expansive manner as under the Fair Labor Standards Act, 29, U.S.C. 203(e) . . . and the issue of independent contractor versus employee should be treated in the same manner as under the Fair Labor Standards Act.") (citations omitted).