UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRAE EVANS,

                          Plaintiff,

                                                    <u>DECISION AND ORDER</u>

                                                    09-CV-6028L

            v.

MASSMUTUAL FINANCIAL GROUP,
WILLIAM D. COSTELLO,

                          Defendants.
_____

  This is an action under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301-4335.  Plaintiff Andrae Evans is a member of the New York Army National Guard.  In April 2004, he was called to active duty and sent to Iraq.  At the time of his call-up, plaintiff was working for defendant MassMutual Financial Group ("MassMutual").

  Plaintiff was released from active duty in November 2006.  He applied for reemployment with MassMutual, seeking reinstatement as a sales manager.  He was informed that he could return to work at MassMutual, but as a career sales agent, not as a sales manager.  Plaintiff would not consent to that offer, and apparently has not worked at MassMutual since before his deployment in 2004.

Plaintiff filed this lawsuit in January 2009, naming MassMutual and William D. Costello, a MassMutual employee, as defendants.  He asserts a single cause of action under USERRA, which provides a comprehensive remedial scheme to ensure the employment and reemployment rights of those called upon to serve in the armed forces of the United States."  *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 160 (2d Cir. 2005).  Plaintiff's cause of action is based on 38 U.S.C. § 4312, which states, in relevant part, that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter."

On October 26, 2009, District Judge Charles J. Siragusa of this Court issued a Decision and Order, familiarity with which is assumed, denying defendants' motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  2009 WL 3614534.  Defendants have now moved for summary judgment under Rule 56.  Following the filing of that motion, this case was transferred from Judge Siragusa to me, s*ee* Dkt. #41, and the Court heard oral argument on the motion.

## DISCUSSION

## I. Was Plaintiff Covered by USERRA?

Defendants contend that the undisputed facts demonstrate that plaintiff was not an employee of MassMutual, but an independent contractor, and therefore that he was not covered by USERRA. As Judge Siragusa noted in his prior decision in this case, "USERRA does not provide protections

for an independent contractor."  2009 WL 3614534, at *3 (quoting 20 C.F.R. § 1002.44).  To have standing under USERRA, then, plaintiff must have been an "employee" of MassMutual.  *Id.*

Plaintiff does not appear to dispute that general principle, but he contends that there is an issue of fact concerning whether he was an independent contractor or an employee for purposes of USERRA.  Defendants assert that this argument is foreclosed by the agreements signed by plaintiff in November 2003 and May 2006, in which he expressly agreed that he would be an independent contractor, and not an employee of MassMutual.  *See* Dkt. #31-10, #31-11.

While the parties' signed agreements have some bearing upon this issue, they are not dispositive.  The case law is clear that the parties' use of particular labels or terms such as "independent contractor" is simply one factor that the court can consider in determining whether a plaintiff was an "employee" for purposes of USERRA.

Though the case law on this issue in the USERRA context is sparse, cases interpreting analogous provisions in the Fair Labor Standards Act ("FLSA") are relevant in this regard. *See Evans*, 2009 WL 3614534, at *4 and n.5 (noting similarity between definitions of "employee" in FLSA and USERRA; *see also* H.R. Rep. 103-65, at 21 (1993), *reprinted in* 1994 U.S.C.C.A.N. 2449, 2454 ("Section 4303(3) [of USERRA] would define 'employee', in the same expansive manner as under the Fair Labor Standards Act, 29, U.S.C. 203(e) ... and the issue of independent contractor versus employee should be treated in the same manner as under the Fair Labor Standards Act") (citations omitted).

In determining whether a plaintiff was an employee or an independent contractor, courts apply the "economic realities" test, which looks to the actual facts of the parties' relationship, and

not simply to the nomenclature they have used in their written agreement.  *See*, *e.g.*, *Real v. Driscoll Strawberry Associates, Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) ("Economic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA"); *Scantland v. Jeffry Knight, Inc.*, No. 8:09–CV–1985, 2012 WL 1080361, at *6 (M.D.Fla. Mar. 29, 2012) ("Economic reality controls over labels or subjective intent as to the ultimate issue of Plaintiffs' status as independent contractors or employees"); *Harris v. Attorney Gen'l of the United States*, 657 F.Supp.2d 1, 10 (D.D.C. 2009) ("While contracts manifest the parties' intent, they do not necessarily reflect 'economic realities'").

Courts have identified several factors as particularly significant vis-a-vis the economic-realities analysis, including

> (1) the degree of control exercised by the employer over the worker[ ], (2) the worker['s] opportunity for profit or loss and [his] investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence and duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Wade v. Woodland Commons, LLC*, No. 1:09-CV-1426, 2012 WL 929839, at *8 (N.D.N.Y. Mar. 19, 2012) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988)) (additional cites omitted).

Ultimately, however, there is no litmus test by which to determine employment status.  "The Second Circuit has treated employment ... as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances."   *Lawrence v. Adderly Indus., Inc.*, No. CV–09–2309, 2011 WL 666304, at *6 (E.D.N.Y. Feb. 11, 2011) (citing *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008) (internal quotes and brackets

- 4 -

omitted).  The criteria mentioned above, while useful, "state no rigid rule," but rather provide "'a nonexclusive and overlapping set of factors' to ensure that the economic realities test ... is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Barfield*, 537 F.3d at 143 (quoting *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 75-76 (2d Cir. 2003)). In addition, courts generally construe USERRA's provisions "liberally in favor of veterans seeking its protections." *Davis v. Advocate Health Center Patient Care Exp.*, 523 F.3d 681, 683-84 (7th Cir. 2008). *See also Serricchio v. Wachovia Securities LLC*, 658 F.3d 169, 194 (2d Cir. 2011) (noting "the liberal construction given to USERRA 'for the benefit of those who ... left private life to serve their country") (quoting *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 285 (1946) (referring to statutory predecessor to USERRA).

The ultimate question of whether a plaintiff is an employee of the defendant, or an independent contractor, is a question of law.  *See, e.g., Harris v. Vector Marketing Corp.*, 656 F.Supp.2d 1128, 1136 (N.D.Cal. 2009); *Lewis v. ASAP Land Express, Inc.*, 554 F.Supp.2d 1217, 1223 (D.Kan. 2008).  A determination of that issue of law, however, typically cannot be made until the underlying facts concerning the nature of the plaintiff's and defendant's relationship are resolved. Thus, a plaintiff's status as either an employee or an independent contractor may present issues of fact that cannot be decided until trial.  *See, e.g., Keeton v. Time Warner Cable, Inc.*, No. 2:09-CV-108, 2011 WL 2618926, at *7 (S.D.Ohio. July 1, 2011); *Zermeno v. Cantu*, No. CIV. A. H-10-1792, 2011 WL 2532904, at *3 (S.D.Tex. June 24, 2011); *Rodilla v. TFC-RB, LLC*, No. 08-21352, 2009 WL 3720892, at *16 (S.D.Fla. Nov. 4, 2009).

In the case at bar, plaintiff has alleged a number of facts to support his assertion that he was an employee of MassMutual, rather than an independent contractor, as stated in the parties' written agreement. He contends that he was required to be at his office at certain times, which suggests that MassMutual had at least some control over his work schedule. He also notes that Todd Allen, who formerly was employed as the general agent in charge of MassMutual's Rochester office, testified at a deposition that he had recruited plaintiff to come to work at MassMutual, and that he considered plaintiff to be "an integral part of the MassMutual operation" in Rochester. Def. Ex. F at 15, 58. Allen also testified that he hired plaintiff with the expectation and intention of plaintiff and MassMutual having a long-term relationship. *Id.* at 58-59.

Certainly not all of the evidence weighs in favor of a finding that plaintiff was "employed" by MassMutual. The fact that plaintiff received commissions rather than a salary, for example, tends to indicate that he may have been an independent contractor, *see, e.g.*, *Chao v. Westside Drywall, Inc.*, 709 F.Supp.2d 1037, 1065 (D.Or. Apr. 28, 2010), although it is not dispositive, *see E.E.O.C. v. Steven T. Cox, Inc.*, No. No. 3:99–1184, 2002 WL 32357095, at *7 (M.D.Tenn. July 19, 2002).

Given the relatively expansive construction of the term "employee" under the FLSA, and by extension, under USERRA, *see Zheng*, 355 F.3d at 69; *Frankel v. Bally, Inc.*, 987 F.2d 86, 89 (2d Cir. 1993), I conclude that plaintiff has demonstrated the existence of genuine issues of material fact concerning the nature of the relationship between him and MassMutual. *See Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, No. 07-22298, 2008 WL 1777392, at *4 (S.D.Fla. Apr. 17, 2008) (denying summary judgment for employer on plaintiffs' FLSA claim where, "regardless of the existence of any ... signed agreements[ designating plaintiffs as independent contractors], there is

still a genuine issue as to whether Plaintiffs were employees or independent contractors"), *aff'd*, 303 Fed.Appx. 802 (11th Cir. 2008).  Defendants are therefore not entitled to summary judgment on the ground that plaintiff was not an "employee" of MassMutual for purposes of USERRA.


## II. Reinstatement

The second major question presented here is, assuming plaintiff's coverage under USERRA, whether he would be entitled to reinstatement as a manager, as he contends, or simply as a sales agent.  USERRA does not simply guarantee that a returning veteran will be reemployed, but that he will be employed in the position that he would have held had it not been for his deployment.  *See Hart v. Family Dental Group, PC*, 645 F.3d 561, 563 (2d Cir.), *cert. denied*, __ U.S. __,  132 S.Ct. 763 (2011); *Clegg v. Arkansas Dep't of Corr.*, 496 F.3d 922, 930 (8th Cir. 2007).

Defendants contend that at the time of plaintiff's deployment, he was not a sales manager, but a sales agent, and that he had not completed the steps necessary to become a sales manager. Defendants further assert that there is no way of knowing, with any reasonably certainty, whether plaintiff would have completed those steps had he not been called to active duty, and that upon his return from his deployment, plaintiff refused to take the steps necessary to become a sales manager.

Plaintiff contends that he was a sales manager at the time of his deployment.   In the alternative, plaintiff asserts that even if was not a manager at that time, he would have become a sales manager by November 2006, had he not been called to active duty.[1]

---

[1]Although plaintiff has not cross-moved for summary judgment, he contends in his brief that defendants should be estopped from asserting that he was not a manager at the time of his deployment.  *See* Plaintiff's Mem. (Dkt. #33) at 10-11.  On the record before me, however, I

(continued...)

There is some evidence that plaintiff had been performing at least some managerial duties at the time of his deployment.  *See, e.g.*, Allen Depo. at 32 (stating that plaintiff was "doing all the Sales Manager stuff" and that for him officially to be a sales manager was simply a matter of "get[ting] all the paperwork done").  In addition, plaintiff asserts that even if he was not formally considered a sales manager at the time of his call-up to active duty, he would, with reasonable certainty, have become a sales manager had it not been for his deployment.  He also testified that he was assured, upon his acceptance of employment with MassMutual, that he would be promoted to manager, provided that he followed through with the prerequisite training.  *See* Plaintiff's Depo. Tr. (Def. Ex. C) at 29-30.

This brings into play the "'escalator principle,' which provides that a returning service member does not step back on the seniority escalator at the point he stepped off.  He steps back on at the precise point he would have occupied had he kept his position continuously."  *Bagnall v. City of Sunrise, Florida*, No. 10-61299-CIV, 2011 WL 3715123, at *7 (S.D.Fla. 2011).  As the Second Circuit recently explained,

> Section 4316(a) of USERRA entitles a returning servicemember to "the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed."  38 U.S.C. § 4316(a); 38 U.S.C. § 4313(a)(2)(A).  USERRA's regulations explain that this means that "[a]s a general rule, the employee is entitled to reemployment in the job position that he or she would have attained with reasonable certainty if not for the absence due to uniformed service."  20 C.F.R. § 1002.191.  This position is referred to as the

---

[1](...continued)

cannot find as a matter of law that defendants made a "clear and unambiguous promise" to the effect that he was a sales manager, so as to give rise to promissory estoppel.  *See Tri-County Motors, Inc. v. American Suzuki Motor Corp.*, 301 Fed.Appx. 11, 13 (2d Cir. 2008); *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).

"escalator position."  *Id.*  The "escalator position" may require that the returning servicemember be promoted as part of the reemployment package.  *Id.*  It can also lead to demotion or transfer, depending upon any intervening events during the servicemember's period of active duty.  *Id.*

*Serricchio*, 658 F.3d at 175.

I find that genuine issues of material fact exist concerning whether plaintiff was a *de facto* sales manager at the time of his deployment, and, if not, whether there is a "reasonable certainty" that plaintiff would have been made a sales manager but for his deployment.  There is evidence that plaintiff was on track to become a sales manager, and although defendants argue that "it was not a foregone conclusion" that plaintiff would have completed the requirements for that position, *see* Aff. of Nicolo DeLuca (Dkt. #31-9) ¶ 22, the statute does not require promotion or advancement to be a "foregone conclusion," but a "reasonable certainty."  On the record before me, I conclude that this issue is a matter better left for determination at trial.[2]

I recognize that even if, but for plaintiff's deployment, he would have met all the requirements to become a sales manager by November 2006, that does not necessarily mean that upon his return, MassMutual was obligated to immediately install him in that position.  If a junior airline pilot with relatively little flight experience is summoned to active duty, for example, he may not be entitled, upon his return, to be made captain of a 747, simply on the theory that he would have attained that rank but for his military service.  The statute recognizes this, by providing that a

---

[2]Although there is a right to a jury trial in USERRA cases, there has been no jury demand in this case.  That does not mean, however, that the Court can decide factual issues on a motion for summary judgment.  A genuine issue of material fact may not be capable of resolution until after a trial on the merits, regardless of whether the factfinder is the court or a jury.  *See, e.g.*, *VOIS, Inc. v. Spindel*, 447 Fed.Appx. 23, 25 n.2 (11th Cir. 2011); *Baptist Mem. Hospital-Desoto, Inc. v. Crain Automotive, Inc.*, 457 F.Supp.2d 702, 705 (N.D.Miss. 2006).

returning servicemember must also be "qualified to perform" the duties of the job in question.  *See* 38 U.S.C. § 4313(a)(2)(A).

Even if plaintiff was not immediately entitled to step into the position that he would have reached had it not been for his military service, however, he was still entitled to a "position of like seniority, status and pay, the duties of which [he was] qualified to perform."  *Id.*  In addition, regardless of what position is offered to a returning servicemember, his "rate of pay must be determined by taking into account any pay increases, differentials, step increases, merit increases, or periodic increases that the employee would have attained with reasonable certainty had he or she remained continuously employed during the period of service." 20 C.F.R. § 1002.236(a) & (b).  As stated, defendants contend that there is no reasonable certainty that plaintiff would have become a sales manager but for his deployment, and thus they take the position that he was not entitled to a position of "like seniority, status and pay" to that of sales manager.  Again, that presents a factual issue that cannot be determined solely on the basis of the paper record.[3]

---

[3]I also note that many of the relevant events and communications between the parties do not appear to have been memorialized in writing.  The exhibits in this case mostly consist of deposition transcripts, and the parties' written agreements, which were entered into prior to plaintiff's deployment.  Defendant Costello testified at his deposition that following plaintiff's return from active duty, he informed plaintiff, during a face-to-face meeting in Costello's office, that MassMutual had no record of plaintiff ever having been made a sales manager, that plaintiff reacted angrily, that Costello had no further communications with plaintiff about the subject, and that as far as he knew, plaintiff never worked for MassMutual afterwards. Def. Ex. D at 81-82. The oral nature of many of the relevant communications does not in itself preclude summary judgment, but it does heighten the difficulty of resolving the factual issues in this case, and the need for live testimony.

Defendants also contend that plaintiff's claim fails because he has not made a showing that his military status was a motivating factor in MassMutual's decision not to offer him a sales manager position on his return.  Plaintiff's claim, however, does not require such proof.

Section 4312, which "is part of a comprehensive statutory scheme and must be read in context with the rest of USERRA[,] ... provides that any person whose absence from a position of employment is necessitated by service in the uniformed services is entitled to reemployment rights.'" *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 304 (4th Cir. 2006) (quoting *Warren v. IBM*, 358 F.Supp.2d 301, 310 (S.D.N.Y. 2005)).   A different part of USERRA, § 4311, "prohibits discrimination with respect to any benefit of employment against persons who serve in the armed services after they return from a deployment and are reemployed." *Id.*  "In short, § 4312 requires an employer to rehire covered employees; § 4311 then operates to prevent employers from treating those employees differently after they are rehired ... ." *Id.*

Because of the different protections afforded to servicemembers by those two sections, courts have held that discriminatory intent is an element of a claim under § 4311, but not under § 4312. "Section 4312 serves ... to guarantee service persons' reemployment without question as to the employer's intent.  ... Section 4312 places service people and employers on notice that, upon returning from service, veterans are entitled to their previous positions of employment," without regard to the employer's motivation.  *Id.* (quoting *Jordan v. Air Prods. & Chems., Inc.*, 225 F.Supp.2d 1206, 1208 (C.D.Cal. 2002).  The requirement that a returning servicemember be placed in the position he would have attained but for his service (or a comparable position for which he is qualified) is likewise a component of the guarantee of reemployment provided by § 4312, not of the

antidiscrimination provisions of § 4311.  *See Milhauser v. Minco Products, Inc.*, No. 09–3379, 2012 WL 684007, at *5 (D.Minn. Mar. 2, 2012); *Rivera-Melendez v. Pfizer Pharm., Inc.*, No. 10-1012, 2011 WL 5442370, at *1 (D.P.R. Nov. 9, 2011).  Thus, plaintiff need not show that his military status was a motivating factor in defendants' refusal to rehire him as a sales manager upon plaintiff's return from military service.[4]

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #31) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 13, 2012.

---

[4]There is older authority from the Sixth Circuit holding that a plaintiff bringing a claim under § 4312 has the burden of showing that his military service was a motivating factor in the employer's decision not to reemploy him at the same level of work he enjoyed when he gave notice of his departure for military service.  *See Curby v. Archon*, 216 F.3d 549, 556-57 (6th Cir. 2000).  As explained in *Woodard v. New York Health and Hospitals Corp.*, 554 F.Supp.2d 329, 350 n.16 (E.D.N.Y. 2008), however, "[t]his analysis was convincingly rejected" by later case law, as well as by Department of Labor regulations "in which the Department explicitly rejected the *Curby* analysis and stated that 'a person seeking relief under section 4312 need not meet the additional burden of proof requirements for discrimination cases brought under section 4311'") (quoting 70 Fed.Reg. 75246, 75251 (Dec. 19, 2005)); *aff'd in part, remanded on other grounds in part*, 350 Fed.Appx. 586 (2d Cir. 2009).